# EXHIBIT A-2

FILED
TARRANT COUNTY
7/27/2021 12:40 PM
THOMAS A. WILDER
DISTRICT CLERK

CAUSE NO. 096-326857-21 _____

| | | |
|---|---|---|
| **JOCELYN McCORKLE,** | § | **IN THE DISTRICT COURT** |
| *Plaintiff,* | § | |
| | § | |
| vs. | § | _____ **JUDICIAL DISTRICT** |
| | § | |
| **CBOCS, INC. d/b/a CRACKER** | § | |
| **BARREL OLD COUNTRY STORE,** | § | |
| *Defendant.* | § | **TARRANT COUNTY, TEXAS** |

## PLAINTIFF'S ORIGINAL PETITION AND JURY DEMAND

**TO THE HONORABLE JUDGE OF SAID COURT**:

**COMES NOW**, **JOCELYN McCORKLE,** hereinafter called "Plaintiff," complaining of and about **CBOCS, INC. d/b/a CRACKER BARREL OLD COUNTRY STORE**, hereinafter called "Defendant," and for cause of action show unto the Court the following:

### I. DISCOVERY CONTROL PLAN LEVEL

1. This lawsuit shall be conducted pursuant to Discovery Control Plan-Expedited Actions involving $250,000.00 or less (Level 1) pursuant to Texas Rules of Civil Procedure Rule 190.2.

### II. PARTIES AND SERVICE

2. Plaintiff **JOCELYN McCORKLE** is an Individual who resides in Dallas County Texas. The last three digits of her social security number are 623 and the last three digits of her driver's license is 165.

3. Defendant **CBOCS, INC. d/b/a CRACKER BARREL OLD COUNTRY STORE** is corporation doing business at 4300 South Bowen Road, Arlington, Tarrant County, Texas, which may be served by serving its registered agent, C T Corporation System at 1999 Bryan Street, Sute 900, Dallas, Texas 75201. Plaintiff requests service by private process server.

### III. JURISDICTION AND VENUE

4. The subject matter in controversy is within the jurisdictional limits of this court.

5. Venue in Dallas County is proper in this cause under Section 15.002(a)(1) of the Texas Civil Practice and Remedies Code because all or a substantial part of the events or omissions giving rise to this lawsuit occurred in this county.

### IV. FACTS

6. On or about January 11, 2021, Plaintiff was an invitee at Defendant's stored located at 4300 South Bowen Road, Arlington, Tarrant County, Texas when she slipped and fell on a "gummy candy," causing her to suffer serious bodily injuries, which include injuries to her back, right hip, right leg and her body generally.

7. As the owner and maintainer of the store, Defendant had a duty to maintain the floors so that persons such as Plaintiff could walk without slipping and falling.

8. As an invitee, Plaintiff had express or implied permission to vist the business premises where the incident in question occurred. Plaintiff was therefore an invitee on those business premises.

9. Defendant owed Plaintiff, as an invitee, a duty to maintain the premises in a reasonably safe condition free from unreasonable risks of harm, and to warn Plaintiff or make Plaitiff safe from those risks of which Defendant knew or should have known. At all times relevant, Defendant:

    a. failed to maintain the premises in a reasonably safe condition;

    b. failed to make safe unreasonable risks of harm; and

    c. failed to warn Plaintiff of hazards located on the premises.

As a result of the negligent and wrongful conduct of Defendant, Plaintiff fell on the improperly maintained floors, caused by Defendant's failure to make the premises safe from this risk of harm and/or to warn others of the hazard.

### V. **PLAINTIFF'S CLAIM OF NEGLIGENCE / PREMISES LIABILITY AGAINST DEFENDANT**

10. At all times relevant, Defendant failed to:

    a. maintain the premises in a reasonably safe condition; and

    b. warn Plaintiff of hazards located on the premises which Defendant knew or should have known.

This wrongful conduct action and/or omission constituted negligence for which Defendant is liable to Plaintiff for injuries and damages.

11. As a direct and proximate result of failing to inform Plaintiff of or protect Plaintiff from the improperly maintained floors, Plaintiff slipped and fell at the store owned and/or managed by Defendant in Tarrant County, Texas. Defendant breached their duty of care to Plaintiff.

12. Defendant did not act reasonably in light of what they knew or should have known regarding the improperly maintained floors. Defendant's failure to use ordinary care was a proximate cause of the injuries and damages sustained by Plaintiff in the incident in question. Proximate cause means a cause that was a substantial factor in bringing about an occurrence, and without such cause such occurrence would not have occurred. In order to be a proximate cause, the act or omission complained of must be such that a person using ordinary care would have foreseen that the occurrence, or some similar occurrence, might reasonably result therefrom. There may be more than one proximate cause of an occurrence.

13. Defendant had knowledge or through the exercise of reasonable care should have had knowledge of dangerous conditions associated with the water drain cover area where the cause of action accrued.

14. Defendant was negligent in their maintenance of the floors where the cause of action accrued. Defendant knew or with the exercise of reasonable care should have known of the dangerous condition caused by the improperly maintained floors.

15. Defendant had a duty of care to invitees at the premises where the cause of action accrued. Breach of this duty of care includes improper maintenance that could cause a slip and fall in the floors of the premises. Defendant breached their duty of care. Defendant's negligence was the direct and proximate cause of the injuries sustained by Plaintiff.

## VI. DAMAGES FOR PLAINTIFF

16. Pursuant to Texas Rule of Civil Procedure 47(c), Plaintiff seeks monetary relief of $70,000.00 or less including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney's fees and judgment for all other relief to which Plaintiff is entitled . Plaintiff expressly reserves the right to amend this Rule 47 statement of relief if necessary.

17. As a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiff, was caused to suffer serious bodily injuries, and to incur the following damages:

    A. Reasonable medical care and expenses in the past. These expenses were incurred by Plaintiff for the necessary care and treatment of the injuries resulting from the accident and/or the aggravation of prior injuries and such charges are reasonable and were usual and customary charges for such services in Dallas County, Texas;

    B. Reasonable and necessary medical care and expenses which will in all reasonable probability be incurred in the future;

    C. Physical pain and suffering in the past;

  D.  Physical pain and suffering in the future;

  E.  Physical impairment in the past;

  F.  Physical impairment in the future;

  G.  Physical disfigurement in the past;

  H.  Physical disgurement in the future;

  I.  Loss of earnings in the past;

  J.  Loss of earning capacity which will, in all probability, be incurred in the future;

  K.  Mental anguish in the past;

  L.  Loss of Household Services in the past;

  M.  Loss of Household Services in the future; and

  N.  Mental anguish in the future;

## VII. DEMAND FOR TRIAL BY JURY

18. Plaintiff demands a jury trial and tenders the appropriate fee with this petition.

## VIII. RULE 193.7 NOTICE

19. Plaintiff hereby gives actual notice to Defendant that any and all documents produced may be used against Defendant at any pre-trial proceeding and/or at trial of this matter without the necessity of authenticating the documents.

## IX. PRESERVATION OF EVIDENCE

20. Defendant is hereby given notice that any document or other material, including electronically stored information, that may be evidence or relevant to any issue, claim or defense in this case is to be preserved in its present form until this litigation is concluded. Failure to maintain such items will constitute "spoliation" of evidence, for which Plaintiff will seek appropriate sanctions and remedies.

## **PRAYER**

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff respectfully prays that the Defendant be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiff against Defendant for damages in an amount within the jurisdictional limits of the Court; together with pre-judgment interest (from the date of injury through the date of judgment) at the maximum rate allowed by law; post-judgment interest at the legal rate, costs of court; and such other and further relief to which the Plaintiff may be entitled at

Respectfully submitted,

**J. ALEX. LAW FIRM, P.C.**

By: _____

**JOSH W. ALEXANDER**
Texas Bar No. 24086984
Email: josh@jalexlawfirm.com
**ROBERT B. MOSS**
State Bar No. 24113558
Email: robert@jalexlawfirm.com
13601 Preston Road
West Tower, Suite 600W
Dallas, Texas 75240
Phone: (972) 535-5700
Fax: (844) 838-7440
**ATTORNEYS FOR PLAINTIFF**