# EXHIBIT A-5

096-326857-21

FILED
TARRANT COUNTY
8/23/2021 9:33 AM
THOMAS A. WILDER
DISTRICT CLERK

CAUSE NO. 096-326857-21

| | | |
|---|---|---|
| **JOCELYN McCORKLE,** § | | **IN THE DISTRICT COURT** |
| *Plaintiff*, § | | |
| § | | |
| **v.** § | | **96ᵀᴴ JUDICIAL DISTRICT** |
| § | | |
| **CBOCS, INC. d/b/a CRACKER** § | | |
| **BARREL OLD COUNTRY STORE,** § | | |
| *Defendant*. § | | **TARRANT COUNTY, TEXAS** |

## DEFENDANT'S VERIFIED DENIAL AND ORIGINAL ANSWER TO PLAINTIFF'S ORIGINAL PETITION

**TO THE HONORABLE JUDGE OF SAID COURT:**

COMES NOW, CBOCS, Inc. d/b/a Cracker Barrel Old Country Store ("Defendant") in the above-styled and numbered cause and files its Verified Denial and Original Answer to Plaintiff's Original Petition and would respectfully state as follows:

### I.
### VERIFIED DENIAL

1. Defendant, CBOCS, Inc. d/b/a Cracker Barrel Old Country Store, has been improperly named and contends that it is not liable in the capacity sued. The proper legal entity that owned and operated the business at 4300 South Bowen Road in Arlington, Texas was CBOCS Texas, LLC. Defendant refers Plaintiff to the Affidavit of Robert Behnke, attached hereto as Exhibit A.

### II.
### GENERAL DENIAL

2. Pursuant to Rule 92 of the Texas Rules of Civil Procedure, Defendant generally denies each and every, all and singular, the allegations contained in Plaintiff's Original Petition and, being allegations of fact, demands strict proof thereof by a preponderance of the evidence.

## III.
## AFFIRMATIVE DEFENSES

3.  Defendant hereby asserts the following affirmative defenses and would show that the damages, or liabilities of which Plaintiff complains, if any exist, are the result, in whole or in part, of the following:

   a. <u>Comparative Responsibility.</u>  Defendant would show that the damages, or liabilities of which Plaintiff complains, if any exist, are the result, in whole or in part, of the negligence of Plaintiff in failing to keep a proper lookout as she entered and moved about the premises.  Such acts and/or omissions were the proximate, producing, contributing and/or sole cause of her damages, if any.

   b. <u>Pre-existing Conditions</u>.  Defendant would further show that any injuries, damages, or liabilities complained of by Plaintiff herein are the result, in whole or in part, of pre-existing conditions, injuries, diseases, and disabilities and not the result of any act or omission on the part of Defendant.

   c. <u>Subsequent Conditions</u>.  Defendant would further show that any injuries, damages, or liabilities complained of by Plaintiff herein are the result, in whole or in part, of subsequent conditions, injuries, diseases, and disabilities and not the result of any act or omission on the part of Defendant.

   d. <u>Unreasonable & Excessive Treatment & Expenses</u>.  Defendant would further show that the medical treatment claimed by Plaintiff was excessive and unnecessary and/or unrelated to the injuries complained of as a result of the subject accident, and that the medical expenses claimed were unreasonable and unnecessary and were not proximately caused by any act and/or omission by Defendant.

    e.    <u>Failure to Mitigate Damages</u>.  Defendant would further show that any injuries, damages, or liabilities complained of by Plaintiff herein are the result, in whole or in part, of Plaintiff's failure to mitigate her damages.

    f.    <u>Unknown Third Party</u>. Defendant would show that the damages, or liabilities of which Plaintiff complains, if any exist, are the result, in whole or in part, of the negligence of a third party over whom Defendant has no control.  Such third party, unknown to Defendant, caused the alleged "dangerous condition" as the foreign substance which allegedly caused Plaintiff's fall was not a product stocked or sold by Defendant.  Such acts and/or omissions by such third party were the proximate, producing, contributing and/or sole cause of Plaintiff's damages, if any.

## IV.
## NOTICES

4.    Paid or Incurred Medical Expenses.  Defendant would show that Plaintiff's medical expenses should be limited to those actually paid or incurred by or on behalf of the claimant pursuant to Texas Civil Practice & Remedies Code §41.0105 and *Haygood v. De Escabedo*, 356 S.W.3d 390 (Tex. 2011).  Defendant further pleads for the pre-trial exclusion of all evidence of medical expenses that have been adjusted and/or written off, and therefore, not paid and/or incurred as contemplated by Texas Civil Practice & Remedies Code §41.0105 and *Haygood v. De Escabedo*, 356 S.W.3d 390 (Tex. 2011).

5.    Loss of Earnings/Lost Profits.  Defendant would further show, that pursuant to §18.091 of the Texas Rules of Civil Practice and Remedies Code, to the extent that Plaintiff is seeking recovery of lost earnings, lost income, lost profits, lost wages, loss of earning capacity, and/or loss of contribution of pecuniary value, evidence of this alleged loss must be presented by Plaintiff in the form of a net loss after reduction for income tax payments, or unpaid tax liability

to any federal income tax law. Defendant further asserts the protections contained in §18.091 of the Texas Civil Practice and Remedies Code.

6. Pleading affirmatively, and in the unlikely event of recovery, Defendant provides notice of its reliance on and invoke the limitations on interest (both pre and post judgment) contained within Chapter 304 of the Finance Code. As set forth in the applicable statutes, pre-judgment interest on future damages may not be assessed or recovered. Defendant also asserts that pre-judgment interest does not accrue until the earlier of one hundred eighty (180) days after the date Defendant received notice of claim or the date the lawsuit was filed. Defendant further provides notice of its reliance on Chapter 304 of the Finance Code for establishing post judgment interest rates.

7. Defendant reserves the right to seek instructions on the inferential rebuttal defenses of unavoidable occurrence and new and independent cause/intervening and superseding cause or sole cause. Additionally, Defendant hereby provides notice of their reliance on §41.0105 of the TEX. CIV. PRAC. & REM. CODE (evidence relating to amount of economic damages). To the extent applicable, Defendant also provides notice of its reliance on §18.091 (proof of certain losses) of the TEX. CIV. PRAC. & REM. CODE.

8. Pleading further, Defendant invokes the rights and privileges under Chapter 33 of the Texas Civil Practice and Remedies Code. *See* TEX. CIV. PRAC. & REM. CODE Chapter 33 including, but not limited to, the following sections: 33.002 (Applicability); 33.003 (Determination of Percentage of Responsibility); 33.011 (Definitions); 33.012 (Amount of Recovery); 33.013 (Amount of Liability); 33.015 (Contribution); 33.016 (Claim against Contribution Defendant); and 33.017 (Preservation of Existing Rates of Indemnity).

## V.
## NOTICE OF INTENT TO USE DOCUMENTS PRODUCED PURSUANT TO T.R.C.P. 193.7

9. Defendant places Plaintiff on notice that pursuant to TEX. R. CIV. P. 193.7, all documents produced by Plaintiff in this litigation are authenticated for use against the producing party in this case and may be used as evidence during pre-trial procedures and at trial of this matter.

## VI.
## REQUEST FOR DEPOSITION

10. Defendant hereby requests the deposition of Plaintiff and places Plaintiff on notice that Defendant's witnesses will be presented thereafter. Such deposition is requested to take place after an adequate time for written discovery and Plaintiff is requested to provide proposed dates for her deposition on or before December 20, 2021.

## VII.
## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Defendant prays that Plaintiff take nothing by this suit; and that Defendant go hence without delay and recover all costs expended on its behalf. Praying further, Defendant prays for such other and further relief, either at law or in equity, to which Defendant may be justly entitled.

        Respectfully submitted,

        **COX P.L.L.C.**

    By: */s/ Lindsay G. Gorbach*
          Lindsay G. Gorbach
          Texas Bar No. 24059839
          Gregory R. Brenner
          Texas Bar No. 24027052

    8144 Walnut Hill Lane, Suite 1090
    Dallas, Texas 75231
    (870) 926-2225
    (469) 340-1884 (*facsimile*)
    lgorbach@coxpllc.com
    gbrenner@coxpllc.com

    **ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing document was served on the following counsel of record via electronic transmission, on August 23, 2021:

Josh W. Alexander
Robert B. Moss
J. ALEX LAW FIRM, P.C.
13601 Preston Road
West Tower, Suite 600W
Dallas, Texas 75240

        */s/ Lindsay G. Gorbach*
        Lindsay G. Gorbach

# EXHIBIT <u>A</u>

CAUSE NO. 096-326857-21

| | | |
|---|---|---|
| JOCELYN McCORKLE, *Plaintiff,* | § § § | IN THE DISTRICT COURT |
| v. | § § § | 96TH JUDICIAL DISTRICT |
| CBOCS, INC. d/b/a CRACKER BARREL OLD COUNTRY STORE, *Defendant.* | § § § | TARRANT COUNTY, TEXAS |

### AFFIDAVIT OF ROBERT BEHNKE IN SUPPORT OF DEFENDANT'S VERIFIED DENIAL AND ORIGINAL ANSWER TO PLAINTIFF'S ORIGINAL PETITION

STATE OF TENNESSEE §
§
COUNTY OF Wilson §

Before me, the undersigned notary, on this day personally appeared Robert Behnke, the affiant, a person whose identity is known to me. After I administered an oath to affiant, affiant testified:

1. "My name is Robert Behnke. I am over 18 years of age, of sound mind, and capable of making this affidavit. The facts stated in this affidavit are within my personal knowledge and are true and correct."

2. "I am the Director of Risk Management for CBOCS Texas, LLC and a duly authorized representative of CBOCS, Texas, LLC."

3. "At all times relevant to the above-referenced lawsuit, including on January 11, 2021, CBOCS Texas, LLC owned and operated the Cracker Barrel Old Country Store located at 4300 South Bowen Road in Arlington, Texas."

4. "CBOCS, INC. d/b/a Cracker Barrel Old Country Store is not the owner or operator of the above referenced store and is not affiliated with CBOCS Texas, LLC. Nor is it a proper legal entity. It is therefore improperly named as the owner and operator of the store at issue."

5. "I have read and examined Defendant CBOCS, INC. d/b/a CRACKER BARREL OLD COUNTRY STORE'S Verified Denial and Original Answer to Plaintiff's Original Petition and the factual statements contained in paragraph 1 are true, correct, and within my personal knowledge and the information available to me."

"Further affidavit sayeth naught."

_____
Robert Behnke
Director of Risk Management
CBOCS Texas, LLC

SUBSCRIBED AND SWORN TO BEFORE ME on this 23rd day of August, 2021.

_____
NOTARY PUBLIC
In and For the State of Tennessee

My Commission Expires:

March 19, 2025

[Notary seal: Judy Faye Westerman, State of Tennessee Notary Public, Wilson County]

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Cary Hitchings on behalf of Lindsay Gorbach
Bar No. 24059839
chitchings@coxpllc.com
Envelope ID: 56539671
Status as of 8/23/2021 10:31 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Greg Brenner | | gbrenner@coxpllc.com | 8/23/2021 9:33:49 AM | SENT |
| Lindsay G.Gorbach | | lgorbach@coxpllc.com | 8/23/2021 9:33:49 AM | SENT |
| Cary Hitchings | | chitchings@coxpllc.com | 8/23/2021 9:33:49 AM | SENT |
| Marvin Burt | | mburt@coxpllc.com | 8/23/2021 9:33:49 AM | SENT |

Associated Case Party: JOCELYNMCCORKLE

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Joshua Alexander | 24086984 | josh@jalexlawfirm.com | 8/23/2021 9:33:49 AM | SENT |